

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2008

# Strang v. Wells Fargo Home Mtg

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5154

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Strang v. Wells Fargo Home Mtg" (2008). *2008 Decisions.* Paper 1578.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1578

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5154

_____

NORAH T. STRANG;
ROBERT J. STRANG,

Appellants

v.

WELLS FARGO HOME MORTGAGE, INC.;
OLD GUARD MORTGAGE AND FINANCIAL SERVICES
INC.; CHELSEA SETTLEMENT SERVICES, INC.;
WELLS FARGO BANK, N.A.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
No. 04-CV-2865
District Judge: Honorable J. Curtis Joyner

_____

Submitted Under Third Circuit LAR 34.1(a)
February 8, 2008

Before: CHAGARES, JORDAN and ALDISERT, <u>Circuit Judges</u>

(Filed: February 20, 2008)

_____

OPINION

_____

ALDISERT, <u>Circuit Judge</u>.

In this appeal, Norah and Robert Strang contend that the United States District Court for the Eastern District of Pennsylvania erred in dismissing their case against Old Guard Mortgage and Financial Services, Inc., on the basis of a written release executed by the Strangs, Chelsea Settlement Services, Inc., and Old Guard.[1] We will affirm.

## I.

Because we write exclusively for the parties before us and the parties are familiar with the facts and proceedings below, we will not revisit them here.

The Strangs contend that they did not intend to release Old Guard from liability, that this intention can be observed from the "context of the negotiations," and therefore that the District Court erred in dismissing the Strangs' case against Old Guard. Appellants' Br. at 38. We disagree.

"It is firmly settled that the intent of the parties to a written contract is contained in the writing itself. When the words of a contract are clear and unambiguous, the intent is to be found only in the express language of the agreement. Clear contractual terms that are capable of one reasonable interpretation must be given effect without reference to matters outside the contract." Samuel Rappaport Family P'ship v. Meridian Bank, 657 A.2d 17, 21 (Pa. Super. 1995) (quoting Krizovensky v. Krizovensky, 624 A.2d 638, 642 (Pa.

---

[1] Appellants' separate appeal from judgment in favor of Wells Fargo Home Mortgage, Inc., and Wells Fargo Bank, N.A., raising other issues, was dismissed by this Court after the parties entered into a stipulated settlement.

Super. 1993)) (internal citations omitted).

Here, the language of the Release is clear and unambiguous. Old Guard, a signatory to the Release, is identified as one of the Parties. Paragraph 1.2 of the Release states that "[t]he settlement settles and resolves all claims, cross-claims and counter-claims asserted, or which could have been asserted, by the Parties against each other as of the date of this Agreement since the beginning of time arising out of the Parties' relationship." App. at 262. Paragraph 1.5 states that, upon Chelsea's payment of $500 to the Strangs, "[the Strangs] shall dismiss, or cause to be dismissed, the above-referenced civil action pending in the United States District Court for the Eastern District of Pennsylvania." Id. The Strangs requested that the District Court approve the Release and the District Court did so, properly dismissing the Strangs' case against both Chelsea and Old Guard.

Because the language in the release is clear and unambiguous, we need not turn to extrinsic evidence.

II.

We have considered all contentions raised by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be affirmed.

———

3